UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| C. UNKNOWN, et al., | ) | CASE NO. 1:19 CV 146 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| CITY OF CLEVELAND | ) | |
| POLICE DEPARTMENT, et al., | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | |

### INTRODUCTION

*Pro se* Plaintiffs C. Unknown, M. Unknown, La'Deja Crawford, Blake McFarlane, and Tomika Jones-McFarlane have filed in this Court a civil rights action under 42 U.S.C. § 1983 against the City of Cleveland Police Department and Cuyahoga Municipal Court. (Doc. 1.) In the complaint, Plaintiffs assert that officers of the Cleveland Police Department violated her constitutional rights through various instances of wrongful conduct, including harassment and assault, and the Cuyahoga Municipal Court did so by failing to assist her. (*See id.* at 4.) Plaintiffs also have filed a motion to proceed *in forma pauperis* (Doc. 2); that motion is granted. For the reasons stated below, the Court dismisses Plaintiffs' complaint.

### BACKGROUND

The complaint names five Plaintiffs: C. Unknown, M. Unknown, La'Deja Crawford, Blake McFarlane, and Tomika Jones-McFarlane. (Doc. 1 at 2.) Each Plaintiff signed the complaint. (*Id.* at 6.) But the allegations in the complaint are written in the first person, and the

author is never identified. (*See id.* at 3-5.)

The author states in the complaint that on January 19, 2017, two Cleveland police officers beat him or her unconscious at a Speedway Gas Station in Cleveland, Ohio, in retaliation for him or her trying to report a vandalized car and hacked computer. (*Id.* at 3-4.) The author claims the police officers then took him or her to the hospital without permission, towed his or her vehicle, and detained him or her in jail for eight to twelve hours without informing the author of his or her rights or explaining the grounds for the detention. (*Id.* at 4.)

The complaint states the officers had responded to the author's house six days before the assault and "refuse[d] to make any reports." (*Id.*) The author requested a supervisor to respond, and one did, but also refused to "make any reports." (*Id.*)

The author further alleges that Cleveland police officers "followed" him or her, drove past his or her house several times, and used the housing department "to harrass [the author to] try to gain access to [his or her] home to write [a] violation up." (*Id.*)

The author claims the "Cleveland Municipal Courts" did not assist [him or her] even though [he or she] has "mental disabilities." (*Id.*)

Plaintiffs claim numerous physical and mental injuries and seek $5 million plus attorney fees. (*Id.* at 5.)

## ANALYSIS

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But this principle is not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely

presented to them or to construct full-blown claims from sentence fragments. *Id.* at 1278.

Indeed, district courts are required to screen all *in forma pauperis* actions and dismiss before service any action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

To state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 471 (applying the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), to dismissals for failure to state a claim under § 1915(e)(2)(B)). The "allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. And they must be sufficient to give defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

This complaint must be dismissed. First, the named Defendants are not subject to liability under 42 U.S.C. § 1983. The City of Cleveland Police Department is not a legal entity capable of being sued under § 1983. It is merely a sub-unit of the municipality it serves and lacks the capacity to sue or be sued. *See, e.g., Nieves v. City of Cleveland*, 153 Fed. Appx. 349, 2005 (6th Cir. Aug. 24, 2005); *Jones v. Pt. D. Marcum*, 197 F. Supp. 2d 991, 997 (S.D. Ohio 2002); *Williams v. Dayton Police Dep't*, 680 F. Supp. 1075 (S.D. Ohio 1987).

As to the second named Defendant, Cuyahoga Municipal Court, no such entity exists. If Plaintiffs intend to sue the Cleveland Municipal Court, it also is a sub-unit of the municipality it serves and lacks the capacity to sue or be sued. If Plaintiffs intend to sue the Cuyahoga County

Court of Common Pleas, that court is immune from this suit. "The State of Ohio is insulated from litigation exposure in federal court by the Eleventh Amendment to the United States Constitution." *Mumford v. Basinski*, 105 F.3d 264, 270 (6th Cir. 1997). The Sixth Circuit has held that Ohio common pleas courts are an arm of the state and therefore immune from suit under the Eleventh Amendment. *Id.* at 269.

Second, even construing the complaint liberally, it has not met basic pleading requirements or stated a claim upon which relief may be granted. The complaint does not identify which of the five Plaintiffs suffered any actionable injury and generally lacks coherent factual allegations sufficient to state a plausible federal claim against the named defendants.[1] The complaint, therefore, must be dismissed. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief); *Gilmore v. Corr. Corp. of Am.*, 92 Fed. Appx. 188, 190 (6th Cir. 2004) (where a person is named as a defendant in a case without an allegation of specific conduct, a complaint is subject to dismissal even under the liberal construction afforded *pro se* pleadings).

## CONCLUSION

Accordingly, Plaintiffs' complaint (Doc. 1) is dismissed under 28 U.S.C. § 1915(e) without prejudice. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal

---

[1] After reviewing the docket of a criminal case referenced in the complaint, the Court infers that the author of the complaint is Tomika Jones-McFarlane. *See* Cuyahoga County Court of Common Pleas Case No. CR-18-628068-A. But this is only an inference and would not be sufficient to give a defendant fair notice of claims asserted.

from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

_/s/ Donald C. Nugent_
Donald C. Nugent
United States District Judge

Dated: April 26, 2019